Advanced Chiropractic of New York, P.C., as Assignee of Jermaine Hall, Respondent,
against
MVAIC, Appellant.




 Marshall & Marshall, PLLC ( Naim M. Peress, Esq.), for appellant.
 Law Offices of Ilona Finkelshteyn, P.C. (Marina Josovich, Esq.), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), dated May 21, 2013, and from a judgment of the same court entered December 10, 2013. The judgment, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $2,330.56




ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies therefrom (see CCA 1702); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
At the outset of a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the parties noted that, by a prior order, the parties' motions for summary judgment had been denied and it had been found that the sole issue for trial (see CPLR 3212 [g]) was whether there was coverage for plaintiff's claims by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC). The only witness at trial was an employee of MVAIC, who testified that MVAIC had not received proof that plaintiff's assignor was a resident of New York State at the time of the accident and that, in any event, MVAIC had also not received proof that plaintiff's assignor had exhausted his remedies against any other available insurance coverage.
Proof that a claimant is a resident of the State of New York is a condition precedent to the claimant being a "qualified person" (Insurance Law § 5202 [b]) and, thus, potentially eligible to be deemed to be a "covered person" who would be entitled to recover no-fault benefits from MVAIC (Insurance Law § 5221 [b] [2]). Plaintiff did not establish that MVAIC had been provided with proof that the assignor was a resident of the State of New York on the date of the accident. Nor did plaintiff establish that there was no other insurance coverage available to [*2]plaintiff's assignor.
In view of the foregoing, plaintiff failed to establish its prima facie case (see Insurance Law §§ 5202 [b]; 5208, 5221 [b] [2]; Village Med. Supply, Inc. v MVAIC, 53 Misc 3d 134[A], 2016 NY Slip Op 51429[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; see also Barillas v Rivera, 32 AD3d 872 [2006]). Consequently, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017